

**U.S. Department of Justice**

Foreign Claims Settlement Commission
of the United States

*Washington, D.C. 20579*

April 17, 2025

<u>VIA EMAIL AND REGULAR MAIL</u>

The Honorable Royce C. Lamberth
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

      Re:    Del Riego Ponte, et al. v. Institut de Planificacion Fisica, et al.
             No. 1:22-cv-03347-RCL (D.D.C.)

Dear Senior Judge Lamberth:

    I write to acknowledge receipt of your Memorandum Opinion and Order dated March 6, 2025, which refers the above-referenced case to the Foreign Claims Settlement Commission pursuant to 22 U.S.C. § 6083(a)(2) to determine the validity of the plaintiffs' interests in various Cuban properties described in the Opinion.[1]

    The purpose of this letter is to clarify the procedures that the Commission will apply to take and record evidence in this case. Because the defendants are agencies or instrumentalities of the Cuban government, and the plaintiffs have filed a motion for default judgment based on the defendants' failure to appear, the Commission will be guided by the default provision of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(e), to assess and evaluate the validity of the plaintiffs' claims of ownership. As the Court has stated, under § 1608(e), "a Court may not enter a default judgment against a foreign sovereign defendant unless the plaintiff 'establishes his claim or right to relief by evidence satisfactory to the court,'" which may include a plaintiff's "'uncontroverted factual allegations, which are supported by . . . documentary and affidavit evidence.'" Memorandum Opinion at 3 (citations omitted). The standard under § 1608(e) thus envisions that the taking of evidence in this case may proceed in *ex parte* fashion.

    Accordingly, unless the Court orders otherwise, the Commission anticipates that it will communicate with the plaintiffs' counsel *ex parte* to provide further instructions and to take additional evidence regarding the plaintiffs' claims of ownership. Given the *ex parte* nature of the proceedings, the Commission does not plan to serve the defendants with requests for the production of documents, testimony, or other evidence, or on any orders, reports, or

---

[1] Section 6083(a)(2) authorizes the Court to "appoint a special master, including the Foreign Claims Settlement Commission," to make determinations regarding the "amount and ownership" of the claims at issue in this case.

-2-

recommendations issued by the Commission. Within 60 days of the completion of its work, the Commission will file with the Court a copy of its report and findings, together with the record of the Commission's activities, for further proceedings as directed in the Court's March 6 Order.

Please be advised that this letter does not set forth an exhaustive list of procedures that will be applied in the Commission's proceedings in this case. The Commission remains available to provide any modifications or changes as the Court may direct.

Sincerely,

Brian M. Simkin
Chief Counsel
Foreign Claims Settlement Commission